FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELI RENEE L., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | NO: 2:18-CV-346-FVS <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 10, 12. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Cory J. Brandt. Defendant is represented by Special Assistant United States Attorney Leisa M. Wolf. The Court,

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 10, is denied and Defendant's Motion, ECF No. 12, is granted.

## JURISDICTION

Plaintiff Keli Renee L.[2] (Plaintiff), filed for disability insurance benefits (DIB) on January 20, 2016, alleging an onset date of June 4, 2011. Tr. 152-53. Benefits were denied initially, Tr. 89-91, and upon reconsideration, Tr. 93-95. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on August 17, 2017. Tr. 37-68. On November 9, 2017, the ALJ issued an unfavorable decision, Tr. 12-27, and on September 17, 2018, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1964 and was 53 years old at the time of the hearing. Tr. 152. She has a college degree and a teaching certificate. Tr. 47. She has work

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

experience as an attendant in a group home for foster children and as a teacher and substitute teacher. Tr. 45, 52-53. Plaintiff testified that she has a congenital hearing impairment which worsened when she fell and hit her face in 2011. Tr. 44. She began to have difficulty hearing the students when she was substitute teaching. Tr. 45. She lost confidence when she was placed on a "do not call" list for substitutes at one school due to a lack of interaction with the students. Tr. 45. She obtained hearing aids in June 2012 which she thought would improve her ability to hear at work, but she noticed continued problems hearing what the students were saying. Tr. 47. She took fewer and fewer substitute jobs because she did not feel confident teaching. Tr. 46-47. She also has carpal tunnel syndrome which is her only other impairment. Tr. 48, 50.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must

consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering

his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity from her alleged onset date of June 4, 2011, through her date last insured of September 30, 2012. Tr. 18. At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: hearing loss and carpal tunnel syndrome. Tr. 18. At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 18.

The ALJ then found that through the date last insured, Plaintiff had the residual functional capacity to perform light work with the following additional limitations:

> she could lift or carry up to twenty pounds occasionally and ten pounds frequently. She can stand or walk for about six hours in an eight-hour workday, and sit for about six hours in an eight-hour workday. She would be limited to frequent handling or fingering bilaterally. She needs to avoid all exposure to excessive noise in an industrial work setting; she would be limited to work that did not involve the use of a telephone, except on a rare occasion, meaning less than 15 percent of the time; and she could not perform work where fine hearing is [] required.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

Tr. 19.

At step four, the ALJ found that through the date last insured, Plaintiff was unable to perform any past relevant work. Tr. 21. At step five, the ALJ determined that through the date last insured, after consider Plaintiff's age, education, work experience, residual functional capacity, and the testimony of a vocational expert, that jobs existed in significant numbers in the national economy that Plaintiff could have performed. Tr. 22. Thus, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from June 4, 2011, the alleged onset date, through September 30, 2012, the date last insured. Tr. 23.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II of the Social Security Act. ECF No. 10. Plaintiff raises the following issues for review:

    1.    Whether the ALJ properly evaluated Plaintiff's symptom claims; and

    2.    Whether the ALJ made a proper step five finding.

ECF No. 10 at 5.

## DISCUSSION

**A.    Symptom Claims**

Plaintiff contends the ALJ improperly rejected her symptom claims. ECF No. 10 at 7-10. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must

determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

This Court finds that the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not entirely consistent with the record. Tr. 20-21.

First, the ALJ found the lack of treatment before Plaintiff's date last insured is inconsistent with her symptom claims. Tr. 20. Medical treatment received to relieve pain or other symptoms is a relevant factor in evaluating pain testimony. 20 C.F.R. § 404.1929(c)(3)(iv)-(v). The ALJ is permitted to consider the claimant's lack of treatment in evaluating symptom testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ observed that Plaintiff had "relatively few episodes of treatment" before her date last insured of September 30, 2012, and that records of office visits increased after that date. Tr. 20. Indeed, the Court finds only six medical records generated during the relevant period: Costco records regarding purchase of a hearing aid in June 2012, Tr. 413-15; three office visit records from treating physician Juan Bala, M.D., from July and August 2012, of which only one substantively discusses Plaintiff's hearing loss, Tr. 248-60; one office visit record

from Rick Stariwat, PA-C, from August 2012, involving Plaintiff's hearing loss, Tr. 520-24; and an August 2012 record from Wendy Traynham, CCC-A, who conducted audiological testing in August 2012, Tr. 525. Additionally, an April 2013 record references nerve conduction studies performed in June 2012, but the studies themselves are not part of the record. Tr. 317.

Plaintiff contends that the hearing aids and nerve conduction studies constitute treatment rendering the ALJ's reasoning invalid. ECF No. 10 at 9. However, it was reasonable for the ALJ to expect that, if Plaintiff experienced limitations so severe as to be disabling due to hearing loss or carpal tunnel syndrome during the relevant period, the record would include more treatment records documenting her complaints and attempts to obtain relief. This is a clear and convincing reason supported by substantial evidence.

Second, the ALJ found Plaintiff's symptom claims are inconsistent with the objective medical evidence. Tr. 20. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857. Minimal objective evidence is a factor which may

be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch*, 400 F.3d at 680.

The ALJ noted that Plaintiff reported no difficulties with her personal care and generally mild difficulties related to chores around the house. Tr. 20, 192-99. Plaintiff also indicated that her physical limitations do not keep her from working. Tr. 192, 199. The ALJ also found that Plaintiff had at most moderately severe sensorineural hearing loss and bilateral carpal tunnel syndrome. Tr. 20.

Specifically, the ALJ noted tone audiometry testing in June 21, 2012, indicated word retention of 76 percent on the left and 96 percent on the right. Tr. 20, 515. Mr. Stariwat reviewed the test results and found that "there [has] not been any significant change in 10 years" when compared to testing from 2002. Tr. 20-21, 523; *compare* Tr. 515 (2012 testing) *with* Tr. 519 (2002 testing). According to the audiologist, Plaintiff had mild to moderately severe sensorineural hearing loss bilaterally. Tr. 21. Mr. Stariwat recommended Plaintiff continue with her existing hearing aids and undergo another audiogram in two years. Tr. 523. The ALJ reasonably found the objective evidence is inconsistent with the severity of Plaintiff's alleged limitations.

With respect to carpal tunnel syndrome, the ALJ noted that Plaintiff reported a history of bilateral carpal tunnel release in 1999 with symptom relief. Tr. 21, 317. In June 2012, Plaintiff underwent upper extremity nerve conduction studies which revealed median mononeuropathy with bilateral entrapment at the wrist as seen in carpal tunnel syndrome. Tr. 317. In July 2012, Plaintiff reported wrist and joint

pain to Dr. Bala. Tr. 248. On examination, he found normal full range of motion in all joints with slightly reduced strength in both wrists. Tr. 21, 250. In August 2012, Plaintiff complained again of joint pain, but there were no unusual findings on exam. Tr. 21, 257, 259 ("no clubbing, cyanosis, edema, or deformity noted with normal full range of motion of all joints"). Plaintiff cites Dr. Bala's note and a handful of other records dated after Plaintiff's date last insured to purportedly contradict the ALJ's finding. ECF No. 10 at 9 (citing Tr. 248, 250, 270, 286, 298, 437). However, even if the post-DLI records were relevant,[3] none of those finding establish greater limitations. Thus, the ALJ reasonably found that the objective record does not fully support the severity of Plaintiff's symptom claims regarding carpal tunnel syndrome.[4] This is a clear and convincing reason supported by substantial evidence.

---

[3] The period of consideration for Title II purposes begins with the alleged onset date and ends on the date the claimant was last insured. *See Vertigan v. Halter*, 260 F.3d 1044, 1047 n.1 (9th Cir. 2001). Evidence outside the "actual period at issue" is of limited relevance. *See Turner v. Commissioner of Social Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

[4] Nonetheless, the RFC finding includes limitations on handling and fingering. Tr. 19. Plaintiff does not identify any basis for additional or more severe limitations supported by the record.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

Third, the ALJ found the conservative course of treatment is inconsistent with Plaintiff's allegations. Tr. 20. Claims about disabling pain are undermined by favorable response to conservative treatment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-1040 (9th Cir. 2008); *see also Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007) (finding "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"). As noted *supra*, the only treatment recommended for Plaintiff's hearing loss was continued use of hearing aids and another audiogram in two years. Tr. 523. Plaintiff testified that she considered other treatments such as new hearing aids or a cochlear implant, ECF No. 10 at 10 (citing Tr. 50-51), but even if these could be considered non-conservative treatment, there is no evidence that these treatments were recommended or necessary.

For carpal tunnel syndrome, Dr. Bala recommended continued use of wrist braces and systemic steroids. Tr. 251. He indicated that a steroid injection or orthopedic consultation would be considered if there was no improvement. Tr. 251. Plaintiff cites her previous carpal tunnel release in 1999 as evidence that her treatment was not conservative, but that surgery occurred well before the alleged onset date and the record indicates her symptoms improved thereafter. ECF No. 10 at 9-10; Tr. 317. There is no evidence that Plaintiff's symptoms were suggestive of the need for surgery during the relevant period and the ALJ reasonably characterized her treatment as "conservative" during the period at issue.

Based on all of the foregoing, the ALJ's finding that Plaintiff's symptom claims are not fully supported is based on clear and convincing reasons supported by substantial evidence and there is no error.

**B.     Step Five**

Plaintiff argues the ALJ erred at step five because the vocational expert's opinion that Plaintiff can return to past relevant work was based on an incomplete hypothetical. ECF No. 10 at 11. The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations. *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel. *Osenbrook*, 240 F.3d at 1164; *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). The ALJ is free to accept or reject these restrictions as long as they are supported by substantial evidence, even when there is conflicting medical evidence. *Magallanes*, 881 F.2d at *id.*

Plaintiff's argument assumes that the ALJ erred in considering her symptom testimony. ECF No. 10 at 11. The ALJ's reasons for rejecting the Plaintiff's symptom claims were legally sufficient and supported by substantial evidence, discussed *supra*. The ALJ therefore properly excluded limitations found to be

unsupported from the RFC and hypothetical to the vocational expert. The hypothetical contained the limitations the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on the vocational expert's testimony in response to the hypothetical was therefore proper. *See id.*; *Bayliss v. Barnhart*, 427 F. 3d 1211, 1217-18 (9th Cir. 2005).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** March 2, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge